**Gabriel Del Virginia, Esq. (GDV-4951)**
**LAW OFFICES OF GABRIEL DEL VIRGINIA**
*Proposed Attorneys for the Debtor*
*and Debtor in Possession.*
880 Third Avenue, 13th Floor,
Telephone: 212-371-5478
Facsimile: 212-371-0460
gabriel.delvirginia@verizon.net

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------X

In re                                                Chapter 11

**The Bravo Realty Group, LLC,**


            Debtor.            Case No.

---------------------------------X

**DECLARATION OF FRANK PECORA PURSUANT TO**
**RULE 1007-2 OF THE LOCAL BANKRUPTCY RULES.**

Frank Pecora, pursuant to 28 U.S.C. § 1746, declares and respectfully says:

I am a manager/member of the Bravo Realty Group, the above-captioned debtor and debtor-in-possession, the above-captioned debtor and debtor-in-possession (the "Debtor"), and I am familiar with the Debtor's business and financial affairs. I submit this declaration pursuant to Local Bankruptcy Rule 1007-2.

   A.   Background.

        1. The Debtor filed its voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code") on April 28, 2013.

13-11330-reg    Doc 1-2    Filed 04/28/13    Entered 04/28/13 11:02:07    Declaration of
Mr. Frank Pecora Pursuant to Local Bankruptcy Rule 1007-2.    Pg 2 of 6

1

(the "Petition Date").  The Debtor continues to manage its property as a debtor and debtor-in-possession.  No trustee or examiner has been appointed in this case.  Also, no official committee of unsecured creditors has been appointed.

2.    The Debtor is a New York limited liability company in the business of owning and managing real estate. The Debtor operates from its office (the "Office") located at 1374 First Avenue Suite 1A New York, New York, 10021 in the borough of Manhattan, City of New York.  The Debtor's assets consist primarily of five apartment buildings located at 2331-2337 Second Avenue and 246-248 East 120th Street, New York, New York 10021 in the borough of Manhattan, City of New York (the "Premises").  The Premises consist of commercial space on the ground floor of the apartment buildings located on Second Avenue and approximately 40 residential units (the "Apartments").

3.    The Premises are currently vacant due to vacate orders(the "Vacate Order") issued by the New York City Department of Buildings and New York City Fire Department(collectively "New York City"). Approximately, 20 of the Apartments have tenants (the "Tenants"). The Tenants retain their leases (the "Leases") to their respective Apartments but do not currently reside in those Apartments because of the Vacate Order. Approximately 16 of the Tenants

2

have instituted a lawsuit (the "Tenant Law Suit") against the Debtor as a result of the Vacate Order.

4.  The Debtor's need to seek relief is necessitated by the Vacate Order and the related Tenant Lawsuit.

5.  Additionally, the New York Community Bank (the "Bank"), which holds a secured interest in the Premises, has refused to accept payments from the Debtor. The Bank has commenced a foreclosure action alleging non-monetary defaults.[1]

6.  The Debtor's management believes that, given the breathing spell provided by the filing of this case, the Debtor will be able to successfully reorganize.

B.  **Additional Information.**

7.  The Debtor has no publicly held securities.

8.  The Debtor operates from the Office.

---

1 These allegations include: (a) failure to maintain the property in good repair, (b) allowing potential demolition or alteration without the Lender's approval, and (c) failure to comply with notices of violation,.

3

9. The location of the Debtor's substantial assets are the Premises.

10. Any lawsuits to which the Debtor is a party will be set forth in the Statement of Financial Affairs, and incorporated by reference.

11. Your deponent is a manager/member and the primary shareholder in the Debtor and I have a 75% membership interest in the Debtor. The remaining shareholder is Margaret Pecora with a 25% membership interest in the Debtor.

12. The Debtor does not anticipate the payment of any salary for the thirty-day period following the filing of the Debtor's petition. No amount is proposed to be paid for services to any shareholder, officers, or directors for the thirty-day period following the filing of the Debtor's petition.

13. The Debtor currently does not have any employees.

14. The Debtor anticipates approximate gross cash receipts of $20.00[2] for the thirty-day period following the filing of the Debtor's petition and disbursements for the same period of approximately $60,000.00 broken down as follows: (a) approximately $9,000.00 in legal fees, repairs and insurance expenses; (b) approximately $25,000.00 in fixed

---

[2] Each of the Tenants makes a one dollar token payment to the Debtor to retain their respective leases.

4

expenses including security; and (c) approximately $26,000.00 in mortgage payments to the Bank.

I hereby declare, pursuant to 28 U.S.C. §1746 that the foregoing is true to the best of my knowledge, information and belief.

Dated:    April 28, 2013
          New York, New York

**The Bravo Realty Group,**
*Debtor and Debtor in Possession*

*/s/ Frank Pecora*
Frank Pecora
*Manger/Member*

5