**Gabriel Del Virginia, Esq. (GDV-4951)**     Hearing Date:     July 23,2013
**LAW OFFICES OF GABRIEL DEL VIRGINIA**      Hearing Time:     9:45 a.m.
*Attorneys for the Debtor*
*and Debtor in Possession.*
880 Third Avenue, 13th Floor,
New York, New York 10022.
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------X
**In re**

**The Bravo Realty Group, LLC,**            Chapter 11
                                            Case No. 13-11330-reg

**Debtor.**
------------------------------X

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§105 AND 364(B) FOR AN ORDER AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION FINANCING.**

The Bravo Realty Group, LLC, as debtor and debtor-in-possession (the "Debtor"), respectfully represents:

**Background**

1.   The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 28, 2013 (the "Petition Date").

2.   The Debtor has continued in possession of its property and the operation and management of its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.   No trustee or examiner, and no official committee has been appointed in the Debtor's case.

**Jurisdiction**

4. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

**General Background.**

5. The Debtor is a New York limited liability company in the business of owning and managing real estate. The Debtor operates from its office (the "Office") located at 1374 First Avenue Suite 1A New York, New York, 10021 in the borough of Manhattan, City of New York. The Debtor's assets consist primarily of five apartment buildings located at 2331-2337 Second Avenue and 246-248 East 120th Street, New York, New York 10021 in the borough of Manhattan, City of New York (the "Premises"). The Premises consist of commercial space on the ground floor of the apartment buildings located on Second Avenue and approximately 40 residential units (the "Apartments"). Information about the Debtor's business and the events leading up to its bankruptcy filings can be found in the Declaration of from Frank Pecora, the Debtor's Manger/Member, pursuant to Local Bankruptcy Rule 1007-2 (the "Pecora Declaration"), which is incorporated herein by reference.

**Events Leading to the Debtor's Chapter 11 Case.**

6. The Premises are currently vacant due to vacate orders (the "Vacate Order") issued by the New York City Department of Buildings and New York City Fire Department(collectively "New York City"). Approximately, 20 of the Apartments have tenants (the "Tenants"). The Tenants retain their leases (the "Leases") to their respective Apartments but do not currently reside in those Apartments because of the Vacate Order. Approximately 16 of the Tenants have instituted a lawsuit (the "Tenant Law Suit") against the Debtor as a result of the Vacate Order. (See Pecora Declaration, at ¶ 3.)

7. Moreover, the New York Community Bank (the "NYCB"), which holds a secured interest in the Premises, had refused to accept payments from the Debtor, and, consequently, commenced a foreclosure action (the "Foreclosure Action") alleging non – monetary defaults.[1] (See Pecora Declaration, at ¶ 5.)

8. The Debtor's need to seek relief was necessitated by the Foreclosure Action, Vacate Order and the related Tenant Lawsuit.

### The Debtor's Need For DIP Financing.

**The NYCB Claim and NYCB Stipulation.**

9. On May 24, NYCB filed a secured claim (the "NYCB Claim") against the Debtor in the amount of $2,607,790.92.

---

[1] These allegations include: (a) failure to maintain the property in good repair, (b) allowing potential demolition or alteration without the Lender's approval, and (c) failure to comply with notices of violation,.

3

10. The NYCB Claim is secured by a properly perfected first mortgage on the Premises.

11. NYCB has requested that the Debtor provide adequate protection pursuant to 11 U.S.C. § 361 and the Debtor has acquiesced.

12. The Debtor and NYCB have entered has entered into a stipulation and a proposed order providing NYCB adequate protection (the "NYCB Stipulation") of which the Debtor intends to seek approval from the Court. (The NYCB Stipulation is attached as "Exhibit A".)

13. The NYCB Stipulation requires, among other things that the Debtor make monthly interest payments (the "Interest Payments")of $8,639.42 a month. Furthermore, the NYCB Stipulation requires that the Debtor shall pay when due all of the real estate taxes ("Tax Obligations") in connection with the Premises which are approximately $90,000.00 for the year[2] (the Tax Obligations together with the Interest Payments collectively, the "Adequate Protection Payments").

**The Vacate Order.**

15. As the Premises are vacant due the Vacate Order, the Debtor is only receiving nominal rent payments from twenty of its tenants in the amount of one dollar per month $1.00 and, as such,

---

2 Approximately $42,242.00 of Tax Obligations are due in July 2013.

4

the Debtor's monthly gross cash receipts are approximately $20.00. (See Pecora Declaration, at ¶ 15.)

### The Debtor's Need for Financing.

16. Clearly, the Debtor's monthly gross cash receipts of $20.00 cannot fund the Adequate Protection Payments consisting of the monthly the $8,639.42 Interest Payments and the approximately $90,000.00 Tax Obligation.

### Relief Requested

17. By this Motion, the Debtor respectfully requests, that pursuant to Sections 105 and 364(b) of the Bankruptcy Code, the entry of an order authorizing the Debtor in Possession financing (the "DIP Financing") of the Interest Payments of $8,639.42 ($103,673.04 annualized) and Tax Obligations of $90,000.00 from Mr. Frank Pecora (the "Lender"), the Debtor's Manger/Member.

### Debtor in Possession Financing

18. The terms of the DIP Financing are quite simple. Mr. Pecora will lend the money required for the Adequate Protection Payments to the Debtor, interest-free. It is highly unlikely that a non-insider would lend to the Debtor on an un-secured basis and would almost certainly not lend the money interest-free. Thus, Mr. Pecora is not seeking terms or conditions that would not be available to a non-insider but rather is just seeking the

5

13-11330-reg    Doc 17    Filed 06/26/13    Entered 06/26/13 09:50:26    Main Document
Pg 6 of 9

protection available to any lender to the Debtor pursuant to 11 U.S.C. §364(b).

**Approval Under Section 364(b).**

19. Approval under §364 (b) "requires a finding that the debt was an actual, necessary cost and expense of preserving the estate". *In re Fleetwood Enterprises, Inc.* 2012 WL 2017952, 11 (9th Cir. BAP 2012); *see also In re Club Dev. & Mgmt. Corp.,* 27 B.R. 610, 611-12 (9th Cir. BAP 1982).

20. As demonstrated, the DIP Financing is an actual, necessary cost and expense of preserving the estate. If the Debtor fails to make the Adequate Protection Payments, NYCB is likely to move to modify the automatic stay of 11 U.S.C. § 362 and, ultimately, foreclose on the Premises. As the Premises are the Debtor's primary asset, foreclosure would, almost certainly, prevent the Debtor from successfully reorganizing.

**Application of the Business Judgment Standard.**

21. As described above, after appropriate investigation and analysis and given the exigencies of the circumstances, the Debtor's management has concluded that the DIP Financing is the only alternative available in the circumstances of this case. Bankruptcy courts routinely defer to the debtor's business judgment on most business decisions, including the decision to borrow money. *See Group of Institutional Investors v. Chicago*

*Mil. St. P. & Pac. Ry.,* 318 U.S. 523, 550 (1943); *In re Simasko Prod. Co.,* 47 B.R. 444, 449 (D. Colo. 1985) ("Business judgments should be left to the board room and not to this Court."); *In re Lifeguard Indus., Inc.* 37 B.R. 3, 17 (Bankr. S.D. Ohio 1983) (same). "More exacting scrutiny would slow the administration of the debtor's estate and increase its costs, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially." *Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F.2d 1303, 1311 (5th Cir. 1985).

22. In general, a bankruptcy court should defer to a debtor's business judgment regarding the need for and the proposed use of funds, unless such decision is arbitrary and capricious. *In re Curlew Valley Assoc.,* 14 B.R. 506, 511-13 (Bankr. D. Utah 1981). Courts generally will not second-guess a debtor's business decisions when those decisions involve "a business judgment made in good faith, upon a reasonable basis, and within the scope of [its] authority under the Code." *Id.* at 513-14 (footnotes omitted).

23. The Debtor has exercised sound business judgment in determining that the DIP Financing is appropriate and has satisfied the legal prerequisites to borrow under the DIP Financing. The terms of the DIP Financing are fair and reasonable and are in the best interests of the Debtor's estate.

7

Accordingly, the Debtor should be granted authority to enter into the DIP Financing and borrow funds from Mr. Pecora on the secured, administrative priority basis provided by Section 364(b) of the Bankruptcy Code.

24. Without the DIP Financing, the Debtor would be unable to provided adequate protection to NYCB and would face foreclosure of the Premises -- its primary asset.

### **NOTICE.**

25. The Debtor has given notice of this Motion by mailing (i) a copy of the Notice of Hearing to all known creditors and parties in interest and (ii) Notice of Hearing and the Motion to the (a) Office of the United States Trustee, Southern District of New York; (b) NYCB; (c) and all parties that have requested service.

*[CONTINUED ON FOLLOWING PAGE]*

**WHEREFORE**, the Debtor respectfully requests that the Court:

(a) enter Order and providing of the DIP Financing;

and    (b) grant the Debtor such other and further relief as is just and proper.

Respectfully Submitted,

Dated:  June 23, 2013
        New York, New York

**LAW OFFICES OF GABRIEL DEL VIRGINIA**
*Attorneys for the Debtor and*
*Debtor in Possession*


**By:** *Gabriel Del Virginia*
Gabriel Del Virginia (GDV-4951)
880 Third Avenue, 13th Floor
New York, New York 10022
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

9