CULLEN AND DYKMAN, LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.

Attorneys for New York Community Bank

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In Re:

The Bravo Realty Group, LLC,

      Debtor.
------------------------------------------------------------X

Chapter 11
Case No. 13-11330 (REG)

## STIPULATED ORDER GRANTING ADEQUATE PROTECTION
## TO NEW YORK COMMUNITY BANK

WHEREAS, on April 28, 2013 (the "Petition Date"), The Bravo Realty Group, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York; and

WHEREAS, no trustee or examiner has been appointed in the Debtor's case, and the Debtor operates its property and manages its assets as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code; and

WHEREAS, on May 24, 2013, New York Community Bank ("NYCB") filed a secured claim against the Debtor in the amount of $2,607,790.92 (the "NYCB Claim"); and

WHEREAS, the NYCB Claim is secured by a properly perfected first priority mortgage against the Debtor's property located at 2331/2333/2335/2337 Second Avenue, New York, New York (the "Property"); and

1

WHEREAS, NYCB has requested, and the Debtor has agreed to provide, adequate protection to NYCB upon the terms and conditions set forth herein; and

WHEREAS, this Stipulated Order has been entered into by all parties in good faith, is fair and reasonable under the circumstances, and has been negotiated at arms' length and due cause exists for the entry of the Stipulated Order; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED BY THE UNDERSIGNED PARTIES AND ORDERED BY THE COURT**, as follows:

1. Retroactive to May 1, 2013, the Debtor shall make payment in the amount of $8,639.42 to NYCB on a monthly basis, on or before the fifth (5th) calendar day of each month, such amount representing the monthly interest payment due to NYCB under the Note and Mortgage executed by the Debtor in favor of NYCB (the "Monthly Payments"). The Monthly Payments shall be on account of the diminution in the value of the Property during the pendency of the Debtor's case, and shall be credited against any amounts ultimately determined to be due to NYCB. The Monthly Payments shall commence in July, 2013. In addition to the Monthly Payment due for July, 2013, the Debtor shall also pay the Monthly Payment which was due for May, 2013. In addition to the Monthly Payment due for August, 2013, the Debtor shall also pay the Monthly Payment which was due for June, 2013. In the event that the Debtor fails to make any payment under this paragraph when due, the Debtor shall have ten (10) days to cure such payment default following email notice of default to Debtor's counsel.

2. The Debtor shall file a Chapter 11 Plan and Disclosure Statement by no later than August 15, 2013 and shall confirm its Plan by no later than November 1, 2013. These dates may be modified by agreement of the parties or by order of the Court.

3. The Debtor shall pay when due all real estate taxes in connection with the Property.

4. The Debtor shall maintain insurance for the Property in accordance with the terms of the Note and Mortgage.

5. The failure to timely comply with the obligations set forth in paragraphs 1 through 4 hereof, the return for insufficient funds of any payment made by the Debtor to NYCB, or the filing of a motion by the Debtor seeking to prime or subordinate any lien or security interest held by NYCB or otherwise encumber the Property without prior written consent of NYCB, shall constitute an "Event of Default" under this Stipulated Order.

6. Upon the occurrence of an Event of Default under paragraphs 2, 3 or 4 above, or upon the occurrence of an uncured Event of Default under paragraph 1 above, the Debtor shall file with the Bankruptcy Court within fifteen (15) days of notice of such default (which notice may be given by email to Debtor's counsel) a motion seeking, on an expedited basis, authorization to conduct an auction sale of the Property to occur within thirty (30) days of such motion (the "Auction"). NYCB shall have the right to credit bid at the Auction the entire amount of the NYCB Claim. In the event that NYCB is not the successful bidder at the Auction, or in the event that NYCB elects not to credit bid at the Auction, the Debtor shall turn over to NYCB at the closing of the sale of the Property, the proceeds of the sale of the Property up to the amount of the NYCB Claim. In the event the Debtor fails to file the motion and/or fails to conduct the Auction within the time frame set forth herein, the parties agree that NYCB may act on the Debtor's behalf in filing such motion and/or in conducting the Auction and that NYCB's costs and expenses occurred in connection with either of those actions shall be paid from the first proceeds of the sale at Auction.

7. All notices required to be given hereunder shall be in writing and made by hand delivery, certified mail, overnight mail or electronic mail. All notices, accounting and payments (checks made payable to New York Community Bank), shall be delivered to:

> Bonnie L. Pollack, Esq.
> Cullen and Dykman LLP
> 100 Quentin Roosevelt Boulevard
> Garden City, New York 11530
> Tel: 516-296-9143
> Fax: 516-357-3792
> bpollack@cullenanddykman.com

All notices, if to the Debtor, shall be delivered care of:

> Gabriel Del Virginia, Esq.
> Law Offices of Gabriel Del Virginia
> 880 Third Avenue, 13th Floor
> New York, NY 10022
> Tel: 212-371-5478
> Fax: 212-371-0460
> gabriel.delvirginia@verizon.net

8. This Stipulated Order constitutes the sole and entire agreement between the parties with respect to the subject matter hereof and there are no other covenants, promises, agreements or understandings regarding the same. This Stipulated Order may not be modified except by a written amendment signed by all parties hereto or by further Order of the Court or pursuant to any confirmed plan of the Debtor.

9. Neither the failure nor the delay on the part of NYCB to exercise any right, power or privilege under this Stipulated Order shall operate as a waiver of such right, power or privilege, and any single or partial exercise of any such right, power or privilege shall not preclude any other or further exercise thereof.

10. Except as expressly provided for in this Stipulated Order, by the Bankruptcy Code or applicable law, nothing contained herein shall constitute a waiver by NYCB of any rights that may exist under and with respect to the Note and Mortgage between the Debtor and NYCB,

4

including without limitation, the right to exercise with respect thereto all of the rights of a secured party under the Note and Mortgage, the Uniform Commercial Code and other applicable law.

11. This Stipulated Order may be executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same document. Signatures delivered by electronic mail or by facsimile shall have the same force and effect as delivery of an original signature.

12. This Stipulated Order shall be governed by and construed in accordance with the laws of the State of New York.

13. The Bankruptcy Court shall retain jurisdiction to enforce any of the provisions of this Stipulated Order.

STIPULATED AND AGREED TO:

Counsel for New York Community Bank

_____
Bonnie L. Pollack, Esq.
Cullen and Dykman LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone: (516) 357-3700

Counsel for the Debtor

_____
Gabriel Del Virginia, Esq.
Law Offices of Gabriel Del Virginia
880 Third Avenue, 13th Floor
New York, NY 10022

The Bravo Realty Group LLC

_____
By: Frank Pecora, Managing Member

THE FOREGOING STIPULATION
IS SO-ORDERED:

_____
Hon. Robert E. Gerber
United States Bankruptcy Judge