**Gabriel Del Virginia, Esq. (GDV-4951)**       **Presentment Date: August 19, 2013**
**LAW OFFICES OF GABRIEL DEL VIRGINIA**         **Presentment Time: 12:00 noon**
*Attorneys for the Debtor*
*and Debtor in Possession.*
880 Third Avenue, 13th Floor,
New York, New York 10022.
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------X
**In re**

**The Bravo Realty Group, LLC,**                **Chapter 11**
                                                **Case No. 13-11330-reg**

               **Debtor.**
------------------------------X

### DEBTOR'S APPLICATION FOR ENTRY OF ORDER EXTENDING THE TIME PERIOD WITHIN WHICH THE DEBTOR MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027.

The Bravo Realty Group, LLC, debtor and debtor-in-possession (the "Debtor"), files this application (the "Application") for entry of an order (the "Order"), substantially in the form attached hereto as Exhibit A, extending the period within which the Debtor may remove actions pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an additional one hundred and twenty (120) days. In support of this Application, the Debtor respectfully represents:

**BACKGROUND**

1.  The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 28, 2013 (the "Petition Date").

2.  The Debtor has continued in possession of its property and the operation and management of its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.  No trustee or examiner, and no official committee has been appointed in the Debtor's case.

**JURISDICTION**

4.  This Court has jurisdiction over this Application under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

**General Background.**

5.  The Debtor is a New York limited liability company in the business of owning and managing real estate. The Debtor operates from its office (the "Office") located at 1374 First Avenue Suite 1A New York, New York, 10021 in the Borough of Manhattan, City of New York.  The Debtor's assets consist primarily of five apartment buildings located at 2331-2337 Second Avenue and 246-248 East 120th Street, New York, New York 10021 in the Borough of Manhattan, City of New York (the

2

"Premises").  The Premises consist of commercial space on the ground floor of the apartment buildings located on Second Avenue and approximately 40 residential units (the "Apartments"). Information about the Debtor's business and the events leading up to its bankruptcy filings can be found in the Declaration of from Frank Pecora, the Debtor's Manager/Member, pursuant to Local Bankruptcy Rule 1007-2 (the "Pecora Declaration"), which is incorporated herein by reference.

**Events Leading to the Debtor's Chapter 11 Case.**

6.    The Premises are currently vacant due to vacate orders (the "Vacate Orders") issued by the New York City Department of Buildings and New York City Fire Department(collectively "New York City"). Approximately, 20 of the Apartments have tenants (the "Tenants"). The Tenants retain their leases (the "Leases") to their respective Apartments but do not currently reside in those Apartments because of the Vacate Orders. Approximately 5 of the Tenants have instituted a lawsuit (the "Tenant Law Suit") against the Debtor as a result of the Vacate Orders. (See Pecora Declaration, at ¶ 3.)Numerous other tenants are represented by counsel in conjunction with their claims, but have not yet commenced litigation.

7.    Moreover, the New York Community Bank (the "NYCB"), which holds a secured interest in the Premises, has refused to accept payments from the Debtor. The Bank has commenced a

3

foreclosure action (the "Foreclosure Action") alleging only non – monetary defaults.[1] (See Pecora Declaration, at ¶ 5.)

8.  Prior to the Filing Date, on or about August 12, 2012, Margaret Pecora ("Plaintiff") filed an action against the Debtor and other defendants under Index No. 653386/2011 (the "Margaret Pecora Action") in the New York Supreme Court, New York County.[2]

9.  The Debtor's need to seek relief was necessitated by the Foreclosure Action, Vacate Orders, the related Tenant Lawsuit and other Tenant claims, as well as the Margaret Pecora Action.

**BASIS FOR RELIEF REQUESTED.**

10.  28 U.S.C. § 1452 and Bankruptcy Rule 9027 govern the removal of pending civil actions. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

11.  Bankruptcy Rule 9027(a)(2) further provides:

---

[1] These allegations included: (a) failure to maintain the property in good repair, (b) allowing potential demolition or alteration without the Lender's approval, and (c) failure to comply with notices of violation,

[2] The Margaret Pecora Action was brought by the Plaintiff seeking monetary damages for, inter alia, damages allegedly caused by the alleged mismanagement, self-dealing and breach of fiduciary duty of the Debtor.

4

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

12. Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods such as the time within which debtors may remove actions:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).

*13.* It is well-settled that this Court has the authority to extend the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. See, e.g., *Anchev v. 335 W. 38th St. Coop. Corp. (In re Anchev)*, No. 99 B 45846 (PCB), 2009 Bankr. LEXIS 906, *8 (Bankr. S.D.N.Y. Apr. 15, 2009) (finding removal untimely in part because the party seeking it "could have, but did not, seek to enlarge the 90 day period to remove the [relevant state court action] under [Bankruptcy Rule] 9006(b)"); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous*

5

*Elec. Constr. Corp.*), 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (time limit for removal of civil actions may be extended pursuant to Bankruptcy Rule 9006(b)); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (bankruptcy judges have the power to enlarge the time period for filing notices of removal under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).

### CAUSE EXISTS TO GRANT THE REQUESTED EXTENSION.

14.  The Debtor submits that cause exists for the relief requested herein. The Debtor's attention and efforts since the Petition Date – a time period of approximately three months – was focused on two significant lawsuits which were a significant factor in the filing of the Petition and threatened to derail this Chapter 11 Case.[3]  Moreover, the Debtor has dedicated substantial time to resolving the Vacate Orders to facilitate the tenants return to the Premises.

15.  As of the Petition Date, the Debtor was party to various judicial and administrative proceedings covered by 28 U.S.C. § 1452 (collectively, the "Pre-Petition Actions") involving a diverse assortment of claims. Given the number of Pre-Petition Actions and the variety of claims, as well as the enormous amount of time and effort the Debtor has had to devote since the Petition Date to resolving other significant aspects

---

[3] Foreclosure Action and the Margaret Pecora Action.

6

of the Chapter 11 case, the Debtor has not been able to analyze and make a determination regarding the removal of each of the Pre-Petition Actions. Consequently, the Debtor believes that it is advisable to seek an extension to allow the Debtor the opportunity to carefully consider the possible removal of each Pre-Petition Action and to ensure that the Debtor does not forfeit valuable rights under 28 U.S.C. § 1452.

16. The Debtor and its professionals have devoted much time and effort to, *inter alia*, stabilizing the Debtor's business operations in order to reorganize and maximize the value of the Debtor's Estate. Moreover, the Debtor believes that it may be able to resolve many of the Pre-Petition Actions consensually and, as such, removing these actions at the present time may well not be the optimal use of the Debtor's limited assets.

17. In particular, the Debtor believes that, to a great extent, it has addressed the Margaret Pecora Action and the Foreclosure Action (*See e.g.* "So Ordered Stipulation signed on 7/11/2013 Between Debtor and New York Community Bank Granting Adequate Protection" - ECF docket # 21).

18. Significantly, the relief requested herein is in the best interests of its Estate and its creditors. The extension sought will permit the Debtor to make a full assessment of the possible removal of Pre-Petition Actions and thereby maximize

the potential recovery for creditors, while also protecting the Debtor's rights under 28 U.S.C. § 1452. Furthermore, the Debtor's adversaries will not be prejudiced by the requested extension because such adversaries may not prosecute a Pre-Petition Action absent relief from the automatic stay. Moreover, any party whose proceeding is removed may seek to have it remanded under 28 U.S.C. § 1452(b). The Debtor's requested extension of the time period during which it may remove actions under 28 U.S.C. § 1452 and Bankruptcy Rule 9027 comports with relief granted in other cases by courts in this district. *See, e.g., In re Great Atl. & Pac. Tea Co.,* Case No. 10-24549 (Bankr. S.D.N.Y. Mar. 10, 2011 and July 8, 2011) (granting a 120-day extension upon debtors' initial request and granting subsequent request to (Bankr. S.D.N.Y. Mar. 10, 2011 and July 8, 2011) (granting a 120-day extension upon debtors' initial request and granting subsequent request to enlarge removal period through plan confirmation); *In re Gen. Growth Props., Inc.*, Case No. 09-11977 (ALG) (Bankr. S.D.N.Y. Aug. 19, 2009) (enlarging removal period though plan confirmation); *In re Frontier Holdings, Inc.*, Case No. 08-11298 (RDD) (Bankr. S.D.N.Y. Jun. 18, 2008) (granting extension through and including the plan effective date); *In re Nw. Airlines Corp.*, Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. Nov. 29, 2005) (granting a 180-day extension of removal period).

8

**NOTICE**

19. The Debtor has given notice of this Application by mailing (i) a copy of the Notice of Hearing to all known creditors and parties in interest and (ii) Notice of Hearing and the Application to the: (a) Office of the United States Trustee, Southern District of New York; (b) Adversaries in the Pre-Petition Actions; (c) and all parties that have requested service.

**NO PREVIOUS REQUEST**

20. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court:

(a) enter the Order extending the period within which the Debtor may remove actions; and (b) grant the Debtor such other and further relief as is just and proper.

Dated:   July 24, 2013
         New York, New York

Respectfully Submitted,

**LAW OFFICES OF GABRIEL DEL VIRGINIA**
*Attorneys for the Debtor and*
*Debtor in Possession*

 **By:** *Gabriel Del Virginia*
Gabriel Del Virginia (GDV-4951)
880 Third Avenue, 13th Floor
New York, New York 10022
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

10